UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DELTA FAUCET COMPANY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:23-cv-00200-JMS-MKK ) |
| BEN WATKINS, JOHN DOES, 1-10, | ) ) ) ) |
| Defendants. | ) |

## ORDER

This matter comes before the Court on Plaintiff's Motion for Alternative Service of Process, Dkt. [9]. Plaintiff Delta Faucet Company ("Delta") asks that the Court allow alternative service of process on Defendant Ben Watkins by means of email and Amazon.com's message center. (*Id.*). For the reasons that follow, said Motion is **DENIED** without prejudice.

## I. Background

On February 1, 2023, Delta sued Ben Watkins ("Watkins"), the name listed on a third-party storefront on Amazon.com, for the unauthorized sales of Delta's products, allegedly in violation of the Lanham Act and Indiana state law. (Dkt. 1). On February 27, 2023, Delta filed the present motion, accompanied by several exhibits, requesting the Court to allow it to serve Watkins by email and Amazon's message center. (Dkt. 9 (citing Fed. R. Civ. P. 4(e)(1) and Ind. R. Trial P. 4.14 as its authority)).

1

In its Motion, Delta explains that, prior to filing this suit, it "investigated Watkins for more than a year." (Dkt. 10 at 1). Delta initially uncovered two physical addresses (in different states) tied to "Ben Watkins." (*Id.* at 2). Delta's attempts to contact Watkins at those addresses were unsuccessful. (*See id.* (letter returned as undeliverable; FedEx reported Watkins did not live at address)).

Delta also identified an email address linked to the "Ben Watkins" Amazon account. (*Id.*). Delta asserts that "[a]fter other cease and desist letters were sent to Watkins via [that] email address . . . and directly to the Storefront through the Amazon messaging system, the publicly listed address for the Storefront changed." (*Id.*). Attempts to serve Watkins at this third physical address were unsuccessful, as "the process server concluded that Watkins did not live there." (*Id.*). Delta concludes that "Watkin's physical location is unknown." (*Id.* at 3).

In support of its position that "alternative service by email and Amazon's electronic messaging system is reasonably likely to inform Watkins of this action," (*id.*), Delta notes that it sent multiple messages to the email address in question and did not "receive[] any bounce-back email notifications or other indications that the emails were not received." (*Id.*). Delta further asserts that "Amazon verifies an account email address before permitting a seller to conduct business" and "the email address is necessary for a seller to operate its seller account and access messages sent by customers through Amazon's messaging platform." (*Id.*).

## II. Applicable Law

"Acceptable methods for service of process are specified in Rule 4 of the Federal Rules of Civil Procedure." *United States v. Ligas*, 549 F.4d 497, 500 (7th Cir. 2008). Rule 4(e) lists the exclusive methods for serving an individual absent a waiver under Rule 4(d) or a federal statute that provides otherwise. *United States v. Ligas*, 549 F.4d 497, 500-01 (7th Cir. 2008); *see also be2 LLC v. Ivanov*, 642 F.3d 555, 558 (7th Cir. 2011) ("The Lanham Act does not authorize nationwide service of process."). As a starting point, neither the Federal Rules nor the Indiana Trial Rules explicitly allow for electronic service of process. *See* Fed. R. Civ. P. 4(e); Ind. Trial. R. 4.1-4.17. Federal Rule 4(e) does, however, permit serving individuals by following the state law governing methods of service in the state where the district court is located. Fed. R. Civ. P. 4(e)(1). In turn, Indiana Trial Rule 4.14 provides that the Court "may make an appropriate order for service in a manner not provided by these rules or statutes when such service is reasonably calculated to give the defendant actual knowledge of the proceedings and an opportunity to be heard." Ind. Trial R. 4.14.

In addition to complying with the federal rules, service of process must also comport with due process principles. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) ("An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.");

*see also Washington v. Allison*, 593 N.E.2d 1273, 1275 (Ind. Ct. App. 1992) ("Due process requires service of notice in a manner reasonably calculated to inform the defendant of the pending lawsuit."); 4B Wright & Miller, Federal Practice and Procedure § 1112 (4th ed.) ("The ability to employ state law service methods does not, however, override constitutional due process concerns, such as minimum contacts, fair play, substantial justice, notice, and opportunity to be heard.").

### III. Discussion

Based on the existing record, the Court lacks confidence that Delta's proposed method of alternative service of process by electronic means is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane,* 339 U.S. at 314.

The cases cited by Delta do not change this conclusion. As a preliminary matter, these cases involve foreign defendants and pertain to Rule 4(f).[1] Service of foreign defendants for claims arising solely under federal law are governed by Rule 4(f)(3) and Rule 4(k)(2) of the Federal Rules of Civil Procedure. But Delta has brought both federal law (the Lanham Act) and state law claims and seeks to serve

---

[1] Delta does cite to a few docket entries from "[c]ourts within this circuit and across the country," (Dkt. 10 at 6), that, upon a further inspection of the briefs filed in support of those motions for alternative service, did involve Rule 4(e). *See, e.g., Pandora Jewelry, LLC v. Unique Sales Corp., et al*, Case No. 1:20-cv-00615, ECF 7-1 (D. Md. Mar. 5, 2020) (bringing its motion for alternative service under Rule 4(e)); *The Pet Health People, LLC v. Misovski*, Case No. 19-cv-02644, ECF 11 (N.D. Ill. May 21, 2019) (same). But the orders in those cases do not feature any substantive discussion of the issue at hand and thus are not particularly helpful here. *E.g., Pandora Jewelry, LLC v. Unique Sales Corp., et al*, Case No. 1:20-cv-00615, ECF 8 (D. Md. Mar. 5, 2020); *The Pet Health People, LLC v. Misovski*, Case No. 19-cv-02644, ECF 14 (N.D. Ill. May 21, 2019) (granting the motion for alternative service in a minute entry without explanation).

Watkins under Rule 4(e) and Indiana Trial Rule 4.14. While Rule 4(f)(3) and Rule 4(e) (in combination with Ind. Trial. R. 414) are both bound by the due process's "reasonably calculated" requirement, Rule 4(f)(3) is, on its face, broader than Rule 4(e).

In addition, there is an important factual distinction between the authorities cited by Delta and the present case. In the cases cited by Delta, the parties seeking electronic service had successfully communicated with the opposing party by email in the past. *See, e.g., Enovative Techs., LLC v. Leor*, 622 F. App'x 212, 214 (4th Cir. 2015) (affirming district court's approval of alternative service by email under Rule 4(f)(3), finding it "was not prohibited by any international agreement" and that defendant "had exhibited a willingness to communicate with" plaintiff via email); *Elsevier, Inc. v. Siew Yee Chew*, 287 F. Supp.3d 374, 379-80 (S.D.N.Y. 2018) ("It is well-settled that service by email on foreign defendants meets [the 'reasonably calculated'] standard in an appropriate case . . . here . . . the record reflects defendants engage in online business and regularly communicate with customers through functional email addresses.") (internal citations omitted); *Lexmark Int'l, Inc. v. Ink Techs. Printer Supplies, LLC,* 295 F.R.D. 259, 262 (S.D. Ohio 2013) (granting service by email in a Rule 4(f)(3) case and finding plaintiff demonstrated "each of the email addresses at which it seeks to serve those Defendants is valid, and that communication has occurred with a representative of the respective Defendant at those email addresses"); *Philip Morris USA Inc. v. Veles Ltd.*, No. 06 CV 2988 GBD, 2007 WL 725412, at *3 (S.D.N.Y. Mar. 12, 2007) (finding plaintiff

seeking service by fax and email had "showed that defendants . . . correspond regularly with customers via email" and "had amply demonstrated the high likelihood that defendants would receive *and respond* to email communications, and defendants themselves d[id] not dispute receiving email service in this case") (emphasis added).

Here, in contrast, Delta has never received an email from Watkins. The non-receipt of a bounce-back or undeliverable message is distinct from a successful exchange of correspondence. This factual distinction between the present case and the authorities cited by Delta is important and critically undermines its request. *See Homer v. Jones-Bey*, 415 F.3d 748, 755 (7th Cir. 2005) ("It is a long-accepted proposition of Indiana law that the very concept of 'service,' across various statutory contexts, includes the ability to provide *proof* of that service in court.") (emphasis in original); *id.* at 756 (discussing Indiana Court of Appeals decision that rejected "service by fax . . . largely because claimants using fax service cannot demonstrate that notice was in fact delivered to someone authorized to accept it") (citing *Hendricks Count Bank & Trust Co. v. Guthrie Bldg. Materials, Inc.*, 663 N.E.2d 1180, 1185 (Ind. Ct. App. 1996)). Although Indiana Trial Rule 4.14 allows the Court to authorize a non-listed method of service, Delta has provided the Court with no authority to suggest its proposed "service by email and Amazon's message center," which would be "effective on sending," (Dkt. 9), complies with Indiana law. In short, the mere existence of an email address does not mean service by email will suffice.

*See Veles Ltd.*, 2007 WL 725412, at *3 n.5 ("To be sure, email service of process is not appropriate in every case.").

## IV.  Conclusion

Service of process is crucial to the Court's ability to adjudicate and is governed by the Due Process Clause of the United States Constitution. Thus, for the reasons explained above, the Court **DENIES** Plaintiff's Motion for Alternative Service. The Court is not unsympathetic to Delta's situation, however, and therefore said denial is **without prejudice**.

So ORDERED.

Date: 3/27/2023

M. Kendra Klump
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email