UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DELTA FAUCET COMPANY, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| vs. | ) | No. 1:23-cv-00200-JMS-CSW |
| | ) | |
| BEN WATKINS and JOHN DOES 1-10, | ) | |
| | ) | |
| *Defendants*. | ) | |

**ORDER**

Plaintiff Delta Faucet Company ("Delta") filed a Complaint against Defendants asserting claims for trademark infringement and unfair competition in violation of the Lanham Act, common law trademark infringement and unfair competition, and deception and conversion under the Indiana Crime Victims' Relief Act. [Filing No. 1.] On May 24, 2023, the Court granted Delta's Motion for Clerk's Entry of Default against Defendant Ben Watkins based on Mr. Watkins' failure to plead or otherwise defend the action. [Filing No. 17.] Delta has now filed a Motion for Default Judgment against Mr. Watkins, in which it also asks for a permanent injunction. [Filing No. 23.]

Before the Court considers the Motion for Default Judgment, it must determine whether it has personal jurisdiction over Mr. Watkins. *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 598 (7th Cir. 2007) ("Default judgments rendered with personal jurisdiction are void . . . ."). Delta's Complaint and Motion for Default Judgment allege generally that Mr. Watkins, through the Ben Watkins Amazon.com storefront, sold "infringing products bearing Delta's trademarks to Indiana residents." [Filing No. 1 at 3; *see also* Filing No. 1 at 30 ("Defendants have sold products bearing the Delta Trademarks to residents of Indiana through the regular course of business."); Filing No. 24 at 13 ("[Mr.] Watkins expressly aimed his tortious activities toward Indiana and

1

purposefully availed himself of the privilege of doing business in Indiana through regular sales of infringing products bearing the Delta Trademarks to Indiana residents.").]   But neither the Complaint nor the Motion for Default Judgment identifies any specific Indiana sales that would establish the necessary minimum contacts with Indiana to authorize an exercise of personal jurisdiction over Mr. Watkins.

Delta also alleges that, since Mr. Watkins' Amazon.com storefront uses Amazon's "Fulfillment by Amazon" service, "it is likely that large quantities of products bearing the Delta Trademarks owned by Defendants are being stored within Indiana before the products are purchased by residents of Indiana" because Indiana has "more than a dozen Amazon fulfillment centers." [Filing No. 1 at 36.]  Again, neither the Complaint nor the Motion for Default Judgment identifies any specific Indiana Amazon fulfillment center that stored infringing products that Mr. Watkins sold.

Accordingly, the Court **ORDERS** Delta to file a Notice by **November 15, 2023,** which addresses whether the Court has personal jurisdiction over Mr. Watkins.  The Notice must either  be  accompanied by evidence or cite to evidence already on the record which establishes the necessary minimum contacts with Indiana that would allow the Court to exercise personal jurisdiction over Mr. Watkins.

Date: 11/1/2023

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF to all counsel of record.**

**Distribution via U.S. Mail to:**

Ben Watkins
1459 Belle Meade Dr.
Akron, OH 44321

Ben Watkins
17 Heritage Oak Way
Simpsonville, SC 29681